IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN AND RUBY MCMILLIAN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **CASE NUMBER: 07-773** |
| | ) |
| **AMC MORTGAGE SERVICES, INC.,** | ) |
| **f/k/a, BEDFORD HOME LOANS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## AMENDED COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant AMC Mortgage Services, Inc., f/k/a Bedford Home Loans, Inc., aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in a mortgage upon Plaintiffs' home, which is located in this district. Each of the Plaintiffs asserts claims against Defendant AMC Mortgage Services, Inc., f/k/a Bedford Home Loans, Inc., arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. The Plaintiffs alleges that the Defendant, failed to make accurate disclosures as required under TILA. Specifically, Defendant failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiffs have retained their right to cancel the

transaction. The Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. Defendant has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. The Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1.  Plaintiffs are of full age of majority and reside in this district.

2.  AMC Mortgage Services, Inc., f/k/a Bedford Home Loans, Inc. ("Bedford") is a Delaware corporation with its principal place of business at Orange, California. At all relevant times, the Defendant was engaged in the making, holding and/or selling of federally related residential mortgage loans. Defendant did business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3.  The Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiffs' loans.

4.  Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3)

delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the

borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. Pursuant to TILA. Section 15 U.S.C. § 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with the Defendant.

9. The Plaintiffs have exercised their right to cancel the transaction and have notified the Defendant of their election to cancel as required by 15 U.S.C. § 1635. Defendant has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with the Plaintiffs' loan.

10. Defendant is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

### The Loan

11. Plaintiffs John and Ruby McMillian are adult residents of Mobile County, Alabama and at all material times resided at 1413 Polaris Dr. in Mobile, Alabama.

12. On or about June 21, 2004, Mr. and Mrs. McMillian obtained a residential real estate mortgage loan with the Defendant. The total amount of the loan was $112,000 and was secured by a mortgage security interest in Plaintiff's home.

13. Defendant failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

14. Defendant included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory

rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

15. As a result of Defendant's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. McMillian retained their right to cancel the transaction.

16. By letter dated October 4, 2007, Plaintiffs, through their attorney, notified the Defendant of their election to rescind the loan.

17. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

18. Defendant, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT I
## TILA Violations

19. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

20. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

21. Defendant has violated TILA, with respect to the Plaintiffs loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs John and Ruby McMillian respectfully request that this Court enter judgment against the Defendant in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Defendant to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Defendant, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

EARL P. UNDERWOOD, JR.
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com


/s/ Kenneth J. Riemer
KENNETH J. RIEMER
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile, AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Stephen J. Bumgarner
>Burr & Forman LLP
>3400 Wachovia Tower
>420 North 20th St.
>Birmingham AL 35203

>/s/ Earl P. Underwood, Jr.
>Earl P. Underwood, Jr.