IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN McMILLIAN,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | **PUBLISH** |
| ) | |
| v. ) | **CIVIL ACTION 07-0773-WS-M** |
| ) | |
| **AMC MORTGAGE SERVICES, INC.,** ) | |
| **f/k/a BEDFORD HOME LOANS, INC.,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (doc. 23). The Motion has been briefed and is ripe for disposition at this time.

**I.      Background.**

On March 28, 2008, plaintiffs John and Ruby McMillian filed an Amended Complaint (doc. 17) against named defendant AMC Mortgage Services, Inc., f/k/a Bedford Home Loans, Inc.[1] The Amended Complaint relates to a loan transaction entered into between the McMillians and Bedford in June 2004, and concerns whether defendant failed to make certain disclosures required by the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").

In particular, the Amended Complaint alleges that the McMillians obtained a residential real estate mortgage loan from Bedford on April 21, 2004, at which time Bedford allegedly

---

[1]      The previous iteration of the Complaint (doc. 1) had named Bedford Home Loans, Inc., as the sole defendant. To date, Bedford is the only defendant for which a summons has been issued and service of process has been completed. Bedford (the only defendant to have appeared herein) disclaims any intent to be appearing as "AMC Mortgage Services, Inc." No entity calling itself "AMC Mortgage Services, Inc." has entered a notice of appearance or otherwise attempted to defend itself in these proceedings. That said, there are clearly factual issues concerning whether the defendant has or has not been properly named. Those issues are best resolved through the discovery process, and are not amenable to disposition on a Rule 12(b)(6) motion. To the extent that Bedford's Motion seeks to have this Court definitively resolve whether plaintiffs have properly identified and served the correct defendant, the request is premature.

failed to provide TILA-mandated notice to the McMillians of their right to rescind the loan.[2] The Amended Complaint further alleges that, by virtue of this omission, the McMillians retained their right to cancel the transaction, and properly exercised that right via letter dated October 4, 2007, nearly 42 months after the closing date. Plaintiffs maintain that Bedford has wrongfully failed and refused to honor their October 2007 rescission of the loan, or to terminate its security interest in the subject property. On that basis, the Amended Complaint alleges that Bedford violated TILA "[b]y failing to take actions after rescission ..., including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan," and "[b]y failing to give proper notice of Plaintiffs' right to cancel the transaction." (Doc. 17, ¶ 21.) Plaintiffs seek rescission, monetary damages, and other relief.

## II.     Legal Standard for Motion to Dismiss.

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *see also Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (explaining that "factual allegations in a complaint must possess enough heft to set forth a

---

[2] TILA provides for a three-day cancellation period for certain types of real estate loan transactions, and further provides that "[t]he creditor shall clearly and conspicuously disclose ... to any obligor in a transaction subject to this section the rights of the obligor under this section." 15 U.S.C. § 1635(a).

plausible entitlement to relief") (citation omitted).  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Thus, the proper test is whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Sec.*, 500 F.3d at 1282-83 (citation and internal quotations omitted).

A statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss filed pursuant Rule 12(b)(6), Fed.R.Civ.P., inasmuch as the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in their complaint.  As a result, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).[3]

### III.  Analysis.

Bedford's Motion to Dismiss is predicated exclusively on the alleged untimeliness of the McMillians' claims.[4]  As for the rescission claims that are the moving force of the Amended

---

[3] *See also Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (citation omitted); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense," and Rule 12(b)(6) dismissal on limitations grounds is appropriate only if plaintiff "effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

[4] With respect to any damages claims that plaintiffs may assert relating to Bedford's alleged failure to give notice of their right to cancel the loan, Bedford's position is that those claims are untimely under the one-year limitations period prescribed by 15 U.S.C. § 1640(e).  That provision states, in pertinent part, that "[a]ny action under this section may be brought in any United States district court ... within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The Court will address the timeliness of the non-rescission claims, but the overwhelming focus of the parties' briefs has been on the rescission aspects of plaintiffs' claims; therefore, the Court's emphasis will likewise be in that area.  That analysis encompasses both (a) whether the McMillians had an unexpired right to rescind in October 2007, and (b) whether Bedford may be held liable for refusing to honor plaintiffs' October 2007 rescission demand.

Complaint, defendant's position is that all such claims are barred by TILA language providing that, subject to a narrow exception for agency proceedings, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section ... have not been delivered to the obligor...."  15 U.S.C. § 1635(f); *see also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) ("We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 185 (S.D. Tex. 2007) ("Under the TILA, a consumer's right to rescind expires three years after the transaction is consummated.").  In the alternative, Bedford asserts that the McMillians are not entitled to the benefit of the three-year rescission at all, but are instead bound by the much shorter three-day rescission rule.  These arguments will be considered in turn.[5]

### A. *Did Plaintiffs Satisfy the Three-Year Period for Rescission?*

Bedford's argument for dismissal of the McMillians' rescission claims is straightforward. TILA provides that a borrower's right to rescind lapses after three years, even if the lender failed to provide him or her with the statutorily-required disclosures and forms concerning that right to rescind.  As pleaded in the Amended Complaint, the McMillians' loan closed on April 21, 2004, yet they did not invoke their right to rescind until October 2007, nearly three and a half years later.  Therefore, Bedford contends, the rescission claims are time-barred and are due to be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

#### 1. *Class Action Tolling.*

Plaintiffs offer several arguments in response.  Initially, they invoke the doctrine of class action tolling, on the ground that the McMillians' claims "are involved in at least one of several class action [*sic*] pending against AMC." (Plaintiffs' Response (doc. 26), at 5-6.)  In that regard,

---

[5] It is perhaps odd that Bedford's brief leads with its arguments concerning plaintiffs' ability to satisfy the three-year period.  After all, if Bedford is correct that the more stringent three-<u>day</u> rule governs, then whether or not plaintiffs exercised their rescission right within three <u>years</u> is inconsequential.  Nonetheless, the Court will address the parties' arguments sequentially, in the order in which they were presented.

plaintiffs rely on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Such reliance is misplaced. *American Pipe*'s holding was that, where class action status has been denied solely for failure to satisfy the numerosity requirement, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.*, 414 U.S. at 552-53. Although plaintiffs cite several class actions against Ameriquest that they maintain were filed in 2005, they fail to allege any circumstances concerning those class actions that would fit them within the *American Pipe* paradigm. Specifically, the McMillians have not suggested that class certification was denied in those cases, that such denial was predicated exclusively on numerosity grounds, that this action was filed in response to such a denial, or the like.[6] Instead, plaintiffs would cite *American Pipe* for the exceedingly broad proposition that pendency of a putative class action (whether class certification has been granted or not) tolls the statute of limitations indefinitely for all prospective class members, even those who are not relying on the class action mechanism to protect their rights, or who are relying on it opportunistically and only to the extent necessary to validate otherwise time-barred claims. Such a distortion of *American Pipe* is unreasonable and finds no support in the text of that opinion or any other cases cited by the McMillians. Moreover, persuasive authorities run directly counter to plaintiffs' argument.[7]

---

[6] Plaintiffs also overlook the fact that, despite their allegation that their claims "are involved in" the 2005 class actions against Ameriquest that are pending in proceedings consolidated by the Judicial Panel on Multidistrict Litigation ("MDL"), the MDL panel found that the McMillians' claims were "Not related" to those transactions and denied the plaintiffs' request to transfer this action to the MDL proceedings encompassing those class actions. (*See* doc. 15, at Exh. A.) Thus, the McMillians' belief that their claims are subsumed in those class actions is not shared by the MDL panel itself. That in turn renders *American Pipe* tolling unavailable. *See, e.g., Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 355, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1993) ("It is important to make certain, however, that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit.") (Powell, J., concurring).

[7] *See, e.g., In re Community Bank of Northern Virginia*, 467 F. Supp.2d 466, 480 (W.D. Pa. 2006) ("We conclude that, because class certification has not been denied, *American Pipe* does not apply to this case."); *Prohaska v. Sofamor, S.N.C.*, 138 F. Supp.2d 422, 433 (W.D.N.Y. 2001) (where plaintiff filed own lawsuit, affirmatively demonstrating choice not to

What's more, even if the McMillians were generally correct that *American Pipe* implies that the class actions against Ameriquest filed in 2005 indefinitely tolled the statute of limitations for their TILA claims against Bedford, their class action tolling argument would still fail because the three-year rescission period supplied by § 1635(f) is emphatically not a statute of limitations that is subject to tolling. *See Beach*, 523 U.S. at 417 (determining that § 1635(f) "talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous").[8]

In light of the foregoing, the Court finds that the McMillians' rescission claims are not subject to *American Pipe* class action tolling for two reasons. First, to apply *American Pipe* in these circumstances would be an abuse of the tolling rule announced therein, inasmuch as (a) the MDL panel has specifically found that plaintiffs' claims are not related to the MDL proceedings (in which the pending class actions are subsumed), and (b) plaintiffs have made no showing that class certification was denied in those cases, such that all appearances are that plaintiffs are attempting to manipulate the *American Pipe* rule to support the inefficient proliferation of

---

rely on class action mechanism, even though certification has not been denied in pending class action, plaintiff created the very inefficiency that *American Pipe* sought to prevent and therefore was not entitled to *American Pipe* tolling); *Rahr v. Grant Thornton LLP*, 142 F. Supp.2d 793, 800 (N.D. Tex. 2000) (explaining that class action tolling doctrine "is not intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims"); *see generally Bridges v. Department of Maryland State Police*, 441 F.3d 197, 212 (4th Cir. 2006) (emphasizing that *American Pipe* tolling rule must be construed in a manner "[t]o avoid abuse and perpetual tolling").

[8]  In the wake of *Beach*, a formidable line of federal decisions has reiterated that rescission claims under § 1635(f) are not subject to equitable tolling. *See, e.g., Taylor v. The Money Store*, 2002 WL 1769962, *1 (9th Cir. Aug. 1, 2002) ("Equitable tolling does not apply to rescission under" § 1635(f), pursuant to *Beach*); *Jones v. Saxon Mortgage, Inc.*, 1998 WL 614150, *6 (4th Cir. Sept. 9, 1998) ("Because § 1635(f) is a statute of repose, the time period stated therein is typically not tolled for any reason."); *In re Community Bank*, 467 F. Supp.2d at 481 ("unlike the one year limitation on an action for damages, the three year limitation on actions for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling"); *Spann v. Community Bank of Northern Virginia*, 2004 WL 691785, *4 (N.D. Ill. Mar. 30, 2004) ("the three-year limitation for TILA rescission claims is incompatible with tolling").

litigation.  Second, the § 1635(f) deadline is not subject to equitable tolling, in any event.

### 2. *Statutory Exception to the Three-Year Rule.*

Notwithstanding the foregoing, the McMillians maintain that their rescission claims are timely under § 1635(f) because the statute creates an exception to the three-year rule.  In particular, that section provides that "if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction ... or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later."  15 U.S.C. § 1635(f).  The McMillians argue that certain proceedings against AMC in the Superior Court of California, Alameda County, involving certain states' attorneys general, trigger this statutory extension of the three-year period for rescission.

In response, defendant eschews any argument on the merits that this state attorneys general action fails to satisfy the specific provisions of § 1635(f) to extend the expiration period for rescission.  Instead, Bedford's only rejoinder to the McMillians' contention is to complain that the Amended Complaint lacks allegations concerning the attorneys general action and fails to allege that plaintiffs' right to rescind arises from that action.  The fundamental defect with Bedford's argument is that it assumes plaintiffs have some affirmative duty to negate the statute of limitations defense in their initial pleading.  As a general rule, they do not.  *See La Grasta*, 358 F.3d at 845 ("A statute of limitations bar is an affirmative defense, and ... plaintiffs are not required to negate an affirmative defense in their complaint.") (internal quotations and citation omitted); *Abrams v. Olin Corp.*, 248 F.R.D. 283, 291 n.11 (S.D. Ala. 2007) ("Of course, the statute of limitations is an affirmative defense which plaintiffs are not required to negate in their Complaint.").  As such, the McMillians' failure to plead the Alameda County proceedings in their Amended Complaint as a basis for the timeliness of their exercise of their rescission rights in no way forecloses them from relying on those proceedings to defeat Bedford's defense that

said rescission right has expired.[9]

Given defendant's failure to rebut the McMillians' argument that they timely exercised their rescission rights within the limits prescribed by § 1635(f), as expanded by the Alameda County proceedings, dismissal is not warranted on the basis of Bedford's position that the three-year rescission period expired before the McMillians sought to exercise that right of rescission.

### B.     Does the Three-Year Period Even Apply?

In the alternative, Bedford argues that plaintiffs are not entitled to the benefit of the three-year TILA rescission period specified under § 1635(f) at all, but are instead subject to the much more restrictive three-day rescission period provided in § 1635(a).  If the three-day period applies, then the McMillians' rescission rights obviously expired long before they purported to exercise them in October 2007, and the Amended Complaint is plainly time-barred.  By contrast, if the three-year period applies, then the Amended Complaint survives Rule 12(b)(6) scrutiny, for the reasons set forth in section III.A., *supra*.

Ordinarily, a borrower's TILA rescission rights extend only "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later."  15 U.S.C. § 1635(a).  This three-

---

[9]     In arguing that plaintiffs failed adequately to plead timeliness of their claims, Bedford repeatedly cites this Court's statement in a previous unpublished decision that "[t]here is ample law to support the proposition that equitable tolling is subject to the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P."  *Williams v. Saxon Mortg. Services, Inc.*, 2007 WL 2828752, *3 n.8 (S.D. Ala. Sept. 27, 2007).  But Bedford takes this language out of context, disregarding the fact that the *Williams* passage was specifically and narrowly directed at allegations of fraudulent concealment to toll the limitations period.  The McMillians are not invoking equitable tolling on a fraudulent concealment theory; therefore, *Williams* is inapposite. Contrary to defendant's position, nothing in *Williams* stands for the proposition that all allegations of equitable tolling must always be pleaded with particularity under Rule 9(b).  Nor would *Williams* in any way subvert the firmly entrenched *La Grasta* principle that the statute of limitations is an affirmative defense which a plaintiff need not negate in an initial pleading.  The Court therefore rejects defendant's misreading of a statement of law relating to allegations of fraudulent concealment in the equitable tolling context, which defendant improperly characterizes as a generic heightened-pleading requirement governing all allegations of equitable tolling.  *Williams* plainly did no such thing, and even if it did, binding precedent conclusively refutes that proposition.

day rescission period expands to three years under § 1635 if the requisite information, rescission forms, and disclosures are not provided.  *See, e.g., Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997) (recognizing that if creditor neglects to comply with § 1635(a) disclosure requirements, "the debtor's right to rescind is extended for up to three years after the transaction is complete"); *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 877 (6th Cir. 2006) ("In the event a bank does not comply with the Act's disclosure requirements, the three-day right to rescind becomes a three-year right to rescind, which expires three years after the date of consummation of the transaction ....") (internal quotation marks omitted); *In re Augustin*, 383 B.R. 359, 360 (D. Mass. 2008) ("In the event that [TILA] disclosure is not properly made, the rescission period is extended from three days to three years.").  The timeliness issue therefore turns on whether Bedford satisfied its § 1635(a) disclosure obligations.

With respect to the adequacy of Bedford's disclosures, the McMillians urge the Court to consider their "Exhibit B," which they represent as being comprised of "copies of what [they] received at the time of loan closing." (Doc. 28, at 12.)  At plaintiffs' request, and notwithstanding the procedural posture of this action, the Court has reviewed plaintiffs' Exhibit B.[10]  That Exhibit confirms that Bedford furnished the McMillians at closing with a document styled "Notice of Right to Cancel," which states in the very first paragraph, "You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from ... [t]he date of the transaction ... or ... [t]he date you received your Truth in Lending disclosure; or ... [t]he date you received this notice of your right to cancel." (Plaintiffs' Exh. B,

---

[10]     The undersigned is acutely aware of the provision of Rule 12(b), Fed.R.Civ.P., that whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.*; *see also Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.").  Notwithstanding that requirement, the Court considers Exhibit B because (1) undisputed documents central to the complaint that the parties submit in briefs on their motions to dismiss may properly be considered on a Rule 12(b) motion, *see Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999), and (2) to the extent it may be error to consider Exhibit B, it is error that plaintiffs have invited by submitting such exhibit and asking the Court to examine it in deciding the Rule 12(b)(6) motion.

at 1.)  Exhibit B consists of five substantially similar copies of the Notice of Right to Cancel, apparently reflecting that the McMillians received multiple copies of that Notice at the time of closing.[11]  Plaintiffs readily admit that they received these documents, but contend that the Notice was inadequate under TILA, inasmuch as two boxes on this Notice, one indicating the document signing date and the other indicating the final date to cancel, were allegedly left blank.[12]  Plaintiffs also ascribe a TILA violation to another document furnished at closing, this one bearing the heading "One Week Cancellation Period" and stating in the body that "You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason."  (Doc. 24, Exh. B.)

The critical question for purposes of Bedford's Rule 12(b)(6) Motion, then, is whether the alleged lack of a specific, certain deadline date in the Notice of Right to Cancel and the alleged inconsistency in the "One Week Cancellation Period" document constitute violations of the § 1635(a) disclosure requirements that might extend the rescission period from three days to three years.

To evaluate this matter, the Court first looks to the statutory language itself, which obliges the lender to "clearly and conspicuously disclose ... the rights of the obligor under this section."  15 U.S.C. § 1635(f).  The Court also heeds the Eleventh Circuit's guidance that in determining whether a clear and conspicuous disclosure has been made, "judging a lender's compliance with the notice provision is not mechanical; rather, a court must scrutinize the circumstances of the transaction."  *Smith*, 108 F.3d at 1327 (internal quotations and citation

---

[11]     In light of the multiple copies of the Notice housed in Exhibit B, the Court is perplexed by plaintiffs' emphatic recitation of the TILA requirement that two copies of notice of right to rescind must be furnished to the borrower.  Although they cite the requirement repeatedly, even placing it in bold and/or underlined text, the McMillians never expressly argue in their Brief (doc. 26) that they did not receive two copies, and even if they made such an argument, their own Exhibit B belies such an assertion.

[12]     For its part, Bedford challenges plaintiffs' contention that these boxes were left blank and asserts that the lender's copy of these forms contains the requisite date by which plaintiffs must exercise their right to cancel the transaction.  At this stage of the proceedings, however, plaintiffs' allegations are accepted as true, and the Court therefore assumes that these dates were in fact left blank by Bedford.

omitted).  The *Smith* panel also opined that "Congress would not have us adopt a hypertechnical reading of any part of TILA."  *Id.* at 1327 n.4.  This view is fully consistent with a prior panel decision indicating that "TILA does not require perfect notice; rather it requires a clear and conspicuous notice of recision rights."  *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (notice of rescission rights satisfies TILA where it is "reasonably clear" and "provides sufficient notice").[13]

In addition to these general principles, the Court finds persuasive, and derives guidance from, an appellate decision cited by both parties, *Palmer v. Champion Mortg.*, 465 F.3d 24 (1st Cir. 2006).  In *Palmer*, the lender listed a date certain for expiration of the rescission right that had already passed by the time the plaintiff received the notice, but also indicated in plain language that, in the alternative, the plaintiff could rescind within three days after receipt of the notice.  Through the inclusion of that plain language, the *Palmer* court found, the notice clearly and conspicuously stated that the plaintiff could rescind "within three (3) business days from whichever of [three enumerated] events occurs last."  *Id.* at 28.  The First Circuit affirmed the district court's granting of a Rule 12(b) motion, deeming the notice "crystal clear" and "clear and adequate," such that the plaintiff's right of rescission expired after three business days, long before she sought to exercise same.  *Id.* at 29.[14]  The circumstances of the case at bar are closely analogous to those in *Palmer*, inasmuch as Bedford did not enumerate a date certain by which rescission rights must be exercised, but did state with crystalline clarity that the McMillians could cancel their loan for any reason within three business days after any of three enumerated

---

[13]     In assessing the adequacy of TILA disclosures, the case law is clear that courts must adopt "the vantage point of a hypothetical average consumer - a consumer who is neither particularly sophisticated nor particularly dense."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 28 (1st Cir. 2006); *see also Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) ("The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer.") (citations omitted).

[14]     In citing *Palmer*, plaintiffs misconstrue it.  Plaintiffs maintain that the *Palmer* court deemed TILA notices containing "no rescission deadline whatsoever" to be actionable; however, plaintiffs overlook the *Palmer* court's determination that a generic three-business-day statement (with no date certain) did in fact amount to a rescission deadline sufficient to pass muster under TILA.  The same conclusion attaches here.

events.[15]  The Court finds particularly helpful the following analysis by the *Palmer* court:

> "[The notice] clearly and conspicuously indicates that the debtor can rescind 'within three (3) business days from whichever of [three enumerated] events occurs last.'  Although the Notice does state in part that rescission has to occur 'no later than midnight of APRIL 01, 2003,' the plaintiff wrests this statement from its contextual moorings.  The statement is followed immediately by a parenthetical reading '(or midnight of the third business day following the latest of the three (3) events listed above).'  We fail to see how any reasonably alert person--that is, the average consumer-- reading the Notice would be drawn to the April 1 deadline without also grasping the twice-repeated alternative deadlines. ... Accordingly, we agree with the district court that the Notice was crystal clear and, thus, did not trigger an extended rescission right under the TILA."

*Id.* at 28-29.

The circumstances presented here, in the light most favorable to plaintiffs, are these: At the time of closing, Bedford provided the McMillians with multiple documents clearly and unambiguously stating that they had "a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from" the latest of the date of the closing, the date of the TILA disclosures, or the date of the notice of right to cancel.  Although the Notice of Right to Cancel did not specify a date certain for cancellation, this Court is of the opinion that no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period.[16]

---

[15]     If anything, the *Palmer* facts were more plaintiff-favorable than those here because the lender in *Palmer* also told the plaintiffs that the rescission period expired on a date certain that had already passed before the lender ever provided the notice of right to cancel.  No such confusion existed in the McMillians' disclosures.

[16]     This conclusion is not undermined by the separate "One Week Cancellation Period" form that the McMillians received.  To be sure, "[a] misleading disclosure is as much a violation of TILA as a failure to disclose at all."  *Smith v. Chapman*, 614 F.2d 968, 977 (5th Cir. 1980).  But there was nothing misleading about Bedford's disclosures.  While plaintiffs are correct that the one-week period specified in the heading of that form conflicted with the three-day period enumerated in the Notice of Right to Cancel, that superficial tension evaporates when the "One Week Cancellation Period" document is reviewed in its entirety.  Contrary to plaintiffs' suggestion, the text of the "One Week Cancellation Period" document actually reinforces and reiterates the Notice of Right to Cancel, as the former document states "You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.  This right is described in the Notice of Right to Cancel you have received today."

This is not to say, however, that the notice furnished by Bedford to the McMillians was a technically perfect, textbook example of "best practices" under TILA.  Accepting plaintiffs' allegations as true, it was not.  No date certain was provided for the exercise of the three-day rescission right, which is at least a technical violation of the applicable regulation.  *See Williams v. Lafferty*, 698 F.2d 767, 768 (5th Cir. 1983) (characterizing lender's failure to fill in expiration date on rescission form as an automatic violation of TILA); 12 C.F.R. § 226.23(b)(1)(v) (providing that notice of right to rescind shall include "[t]he date the rescission period expires").[17]  There are some circuits where such a technical violation of TILA may be deemed to trigger the expanded three-year rescission period of § 1635(f).  *See, e.g., Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) ("TILA does not easily forgive 'technical' errors.").  The Eleventh Circuit is not one of them.  Indeed, that court has expressly declared that "TILA does not require perfect notice," and has cautioned that "Congress would not have us adopt a hypertechnical reading of any part of TILA."  *Smith*, 108 F.3d at 1327 & n.4; *see also Santos-Rodriguez v. Doral Mortg. Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. 2007) ("In response to Congress's actions, most courts have adopted the clear and conspicuous standard in place of a

---

Plaintiffs cannot reasonably contend that any confusion exists between the two documents on this score.  That said, the "One Week Cancellation Period" document then states that, notwithstanding the three-day cancellation period provided by law, Bedford was voluntarily extending that period to one week as a matter of contract, to-wit: "To give you more time to study your loan documents ..., we provide you with one week (which includes the day you sign the loan documents) to cancel the loss with no cost to you."  This document even furnishes the borrower with a specific example of how that one-week period is calculated.  Reviewing both forms in tandem, the undersigned finds that no reasonable borrower could be confused or misled as to the operable TILA cancellation deadline.  To the contrary, the documents are crystal clear that (a) applicable law provides for a three-day cancellation period from the closing date; but that (b) as matter of contract and good will, Bedford was unilaterally extending that period to a full week.  The McMillians' arguments to the contrary (*i.e.*, that the "one week" versus "three day" documents engendered confusion that rendered them unable to determine when the applicable TILA rescission period expired) ignore the plain language of the documents, and defy any rational construction of same.

[17]   *See also Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701-02 (9th Cir. 1986) (explaining that TILA and Regulation Z require lender to state the specific date on which the three-day rescission period expires and that if lender omits expiration date, rescission period expands to three years under § 1635(f)).

rule of hyper-technicality. We believe this is the correct position ...."). As such, the law in the Eleventh Circuit is that even if a lender's forms are imperfect as to technical aspects of the notice requirements specified in TILA or Regulation Z, no enlargement of the three-day rescission period occurs so long as those forms furnish "clear and conspicuous notice of rescission rights." *Smith*, 108 F.3d at 1327; *see also Veale*, 85 F.3d at 581 (lender's form concerning TILA rescission rights was not perfect, but it was "reasonably clear when applied to the particular facts involved in this case" and therefore satisfied the requirements of law).

Applying this Eleventh Circuit standard and relying on the First Circuit's handling of an analogous fact situation in *Palmer*, the undersigned finds that, taking plaintiffs' factual allegations in the light most favorable to them, Bedford's forms provided the requisite clear and conspicuous notice to the McMillians of their rescission rights, as a matter of law. As such, the McMillians are ineligible for the three-year rescission period provided under § 1635(f), but were instead subject to a three-day rescission period. Their statutory right to rescind having expired years before they attempted to exercise such right in October 2007, the McMillians' claims for rescission of the loan are time-barred. Because their exercise of their rescission rights in October 2007 is untimely, the plaintiffs' claims for damages arising from Bedford's failure to honor that rescission are likewise untimely. Any other TILA non-rescission claims the McMillians are leveling against Bedford for alleged defects in the mortgage transaction are obviously well outside TILA's one-year limitations period and are therefore untimely. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court ... within one year from the date of the occurrence of the violation."); *In re Community Bank of Northern Virginia*, 467 F. Supp.2d 466, 476 (W.D. Pa. 2006) (under TILA, "an action for damages has a one (1) year statute of limitations.").

**IV.   Conclusion.**

For all of the foregoing reasons, Defendant's Motion to Dismiss Amended Complaint (doc. 23) is **granted**, and the Amended Complaint is **dismissed with prejudice** as untimely. A separate judgment will enter.

DONE and ORDERED this 10th day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
